UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | Case No. 2:26-cv-00135-DJC-CSK PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WEST SACRAMENTO POLICE DEPARTMENT, et al., | (ECF Nos. 1, 2, 3) |
| Defendants. | |

Plaintiff Jane Doe is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 3.) Plaintiff has also filed a motion to proceed under a pseudonym. (ECF No. 2.) For the reasons that follow, the Court will grant Plaintiff's motion to proceed by pseudonym, and recommend that Plaintiff's IFP application be denied and the Complaint be dismissed without leave to amend.

I.    **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's IFP application states that she is paid bimonthly, but the amount per pay period is not legible. *See* ECF No. 3. Nor has Plaintiff signed or dated the IFP application. Plaintiff has not made the required showing under 28 U.S.C. § 1915(a). Even if she had done so, the Court would recommend that Plaintiff's IFP application be denied because the action is facially frivolous or without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion

2

seeking leave to proceed in forma pauperis."). Because it appears from the face of the Complaint that this action is frivolous or is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

**II.      MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff has filed a motion seeking leave to proceed under a pseudonym in this action. ECF No. 2. She asserts that this action "arises from sexual assault and kidnapping, and Plaintiff has ongoing safety concerns related to the public disclosure of her identity." *Id*. at 2. Plaintiff has attached a declaration labeled "Filed under Seal" (ECF No. 2-1); however, because Plaintiff did not follow the procedure for sealing documents set forth in E.D. Cal. Local Rule 141, her declaration is not sealed from view on the docket.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (requiring that the title of every complaint "include the names of all the parties"). This presumption is related to the public's common law right of access to judicial proceedings, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), and "the right of private individuals to confront their accusers." *Kamehameha Schools*, 596 F.3d at 1042. Nevertheless, a party may proceed anonymously when "special circumstances justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067. "Parties may use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68.

A party may preserve his or her anonymity when "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. Courts have broad discretion to determine whether a plaintiff may proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068; *Kamehameha Schools*, 596 F.3d at 1045–46. To determine whether to allow a party to proceed anonymously, the court must balance five factors: (1) the severity of the threatened

harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest. *Kamehameha Schools*, 596 F.3d at 1042; *see, e.g.*, *V. M. G. v. Jaddou*, 2025 WL 1913574, at *1 (N.D. Cal. Feb. 14, 2025).

Here, the five-factor test favors allowing Plaintiff to proceed under a pseudonym. She has a reasonable fear of harm and retaliation, and the facts underlying the Complaint are of a personal and sensitive nature. There is no prejudice to opposing parties, and there is no particular public interest in Plaintiff's identity being public. The Court will grant the motion. Moreover, as Plaintiff's declaration in support of the motion inadvertently was filed on the public docket not under seal, the Court will direct the Clerk of Court to seal the declaration.

## III.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does

4

not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## IV.     THE COMPLAINT

Plaintiff brings this action against five defendants: West Sacramento Police Department, Robert Strange, Gerardo Romero, Charles Massie, and Erika Barajas. *See* ECF No. 1 (*"Compl."). The four individual defendants "are employees or agents of West Sacramento Police Department." *Id.*, ¶ 3.

Plaintiff alleges that defendants "failed to properly investigate" a March 2, 2025 incident in which she was "drugged (roofied), sexually assaulted, and kidnapped" after consuming drinks at a Sacramento bar. Compl., ¶¶ 5, 8. An assigned detective "failed to timely follow up on critical evidence, including the rape kit[.]" *Id.*, ¶ 14. Defendant West Sacramento Police Department allegedly "failed to notify the Sacramento Police Department until Plaintiff filed a complaint," and her case was closed without her being informed. *Id.*, ¶ 19. Plaintiff alleges that, in additional to failing to properly investigate, Defendants "subject[ed] Plaintiff to dismissive and harmful treatment." *Id.* at 4.

Plaintiff claims that, based on these alleged events, Defendants violated her constitutional rights under 42 U.S.C. § 1983. She also asserts causes of action for negligence, intentional infliction of emotional distress, and police misconduct. *Id.* at 4.

/ / /

/ / /

## V.   DISCUSSION

### A.   Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of the Complaint reveals it consists of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim for relief against any specific defendant. *Iqbal*, 556 U.S. at 678. While this problem infects the entire Complaint, the Court discusses its deficiencies in pleading particular claims below.

### B.   Failure to State a Claim

Plaintiff's Complaint fails to state a claim against any defendant under Section 1983. 42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintif's brief and conclusory allegations against Defendants Strange, Romero, Massie, and Barajas do not suffice to show unconstitutional conduct under Section 1983.

As to Defendant West Sacramento Police Department, Plaintiff's general and

conclusory allegations do not "show that a 'policy or custom' led to plaintiff's injury." *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The Complaint does not allege specific facts to meet these elements, and Plaintiff's *Monell* claim is subject to dismissal. Without a viable § 1983 claim, there is no basis for federal jurisdiction over Plaintiff's claims for negligence and intentional infliction of emotional distress, which are matters of state law, and Plaintiff does not cite any legal basis for her claim of "police misconduct." In sum, all claims in the Complaint should be dismissed.

### C.    Leave to Amend

In considering whether leave to amend should be granted, in light of the Court's lack of subject matter jurisdiction and the Complaint's many deficiencies, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### VI.    CONCLUSION

Based upon the findings above, it is ORDERED that:

1.    Plaintiff's motion to proceed under a pseudonym (ECF No. 2) is GRANTED; and

2.    The Clerk of Court is directed to seal Plaintiff's declaration in support of the motion (ECF No. 2-1).

In addition, it is hereby RECOMMENDED THAT:

3.    Plaintiff's motion to proceed in forma pauperis (ECF No. 3) be DENIED;

4.    Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend;

and

5.      The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 16, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/doe0135.screen.f&r

8